IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAMION R. YOUNG | ) | |
| | ) | |
| v. | ) | No. 3:04-0267 |
| | ) | Judge Wiseman |
| JO ANNE B. BARNHART, | ) | Magistrate Judge Griffin |
| Commissioner of Social Security. | ) | |

To: The Honorable Thomas A. Wiseman, Jr., Senior District Judge

## REPORT AND RECOMMENDATION

The plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Disability Insurance Benefits ("DIB") as provided by the Social Security Act.

Pending is the plaintiff's motion for judgment on the administrative record (Docket Entry No. 8), to which the defendant filed a response (Docket Entry No. 12).

### I. STATEMENT OF FACTS

On February 13, 2001, the plaintiff, Damion R. Young, filed an application for DIB, alleging disability as a result of severe nerve damage, bad liver, stomach problems, and throat cancer, with an onset date of June 15, 1998. (Tr. 66-69, 87). His claim was denied initially and upon reconsideration, and a request for a hearing was timely filed on July 2, 2001. (Tr. 40-48, 51-54). On November 21, 2002, the plaintiff, represented by counsel, attended a hearing before an Administrative Law Judge ("ALJ"). (Tr. 325-63).

At the time of the hearing, the plaintiff was a 47-year-old individual with a high school education. (Tr. 20, 66). His past work experience included employment as a sheet metal

journeyman, an assembler, a blue print burner, and a crane operator. (Tr. 88, 138). Although the plaintiff's conditions were apparently brought on and exacerbated by the plaintiff's alcohol dependence,[1] the plaintiff has, on numerous occasions and against doctors' orders, refused to stop drinking alcohol. (Tr. 158, 177, 179, 180, 181, 246, 251, 300).

Based on the record, the ALJ made the following determinations (Tr. 27-28):

> 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2002, but not thereafter.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.
>
> 3. The claimant has a history of alcohol abuse, alcohol induced neuropathy and myopathy, a history of alcoholic liver disease, and a history of oral cancer with post surgical residual left upper extremity limitation, considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The claimant's allegations regarding the severity of his impairments and the extent of his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant retains the residual functional capacity to perform light work involving lifting and carrying 20 pounds occasionally and 10 pounds frequently, sitting, standing and walking eight hours in an eight-hour workday and the option to sit or stand as needed, no climbing or work around unprotected heights, and limited exposure to heat and humidity, irritating inhalants, and exposure to liver damaging chemicals.

---

[1]Much of the plaintiff's medical documentation involves references to his apparent alcohol dependency. Two of the more eye-opening references are dated April 6, 2001, and July 7, 2003, respectively. (Tr. 177, 317). On April 6, 2001, the plaintiff admitted to having "alcoholic hepatitis" six times, being in six substance abuse programs, and continuing to drink two-fifths of vodka daily. (Tr. 177). He claimed that, if he "was awake" he "[was] drinking." (Id.) A Vanderbilt University Medical Center note dated July 7, 2003, indicates that the plaintiff drank "24 beers per day." (Tr. 317).

2

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is a "younger individual between the ages of 45 and 49" (20 CFR § 404.1563).

9. The claimant has a "high school education" (20 CFR § 404.1564).

10. The claimant has no transferable skills from any past relevant work (20 CFR § 404.1568).

11. The claimant retains the residual functional capacity to perform a significant range of light work (20 CFR § 416.967).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, and considering the testimony of the vocational expert at the hearing, there are a significant number of jobs in the national economy that he could perform. As examples of unskilled light jobs in the Tennessee regional economy, the vocational expert cited jobs as booth cashier, bench inspector, and automatic machine operator.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

After the ALJ's unfavorable decision, the plaintiff appealed to the Appeals Council ("AC"). (Tr. 13-15). The ALJ's decision became final when, on October 5, 2003, the AC denied the plaintiff's request for review. (Tr. 6-8). On March 31, 2004, the plaintiff filed suit in this Court. Docket Entry No. 1. On June 1, 2004, after the Commissioner was unable to locate the plaintiff's claim file, the Commissioner filed a motion to remand pursuant to Sentence Six of the Social Security Act, 42 U.S.C. § 405(g). Docket Entry No. 3. On July 8, 2004, the defendant's motion was granted and the matter was remanded to allow time for the Commissioner to locate the plaintiff's file and produce a record. Docket Entry No. 3. On September 30, 2004, the defendant filed an answer along with the certified record. Docket Entry No. 4.

3

The plaintiff does not contest whether substantial evidence supports the ALJ's decision. Instead, in a one-page argument, he claims that: 1) the ALJ failed to comply with the requirements of SSR 00-4p, and 2) the ALJ violated 20 C.F.R. § 404.1520 by not taking into account his bladder control problem. See Docket Entry No. 9.

## II. DISCUSSION

The determination of disability under the Act is an administrative decision, and the only questions before this Court are whether or not the decision of the Commissioner is supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her conclusion. 42 U.S.C. §§ 405(g) and 1382(c)(3); Richardson v. Perales, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Gibson v. Secretary of Health, Education & Welfare, 678 F.2d 653 (6th Cir. 1982). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if the Court might have decided the case differently based on substantial evidence to the contrary. Her v. Commissioner of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). A reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. It is more than a mere scintilla of evidence. Richardson, supra; Le Master v. Weinberger, 533 F.2d 337, 339 (6th Cir. 1976). The Court must accept the ALJ's explicit findings and determination unless the record, as a whole, is without substantial evidence to support the ALJ's determination. Houston v. Secretary of Health & Human Servs., 736 F.2d 365, 366 (6th Cir. 1984); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

The original burden of establishing disability is on the plaintiff, and impairments must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. See 42 U.S.C. § 1382c(a)(3)(C); 20 C.F.R. §§ 404.1512 (a), (c), 404.1513(d); Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986). However, the Commissioner is required to consider the combined effects of impairments that individually are not severe but cumulatively may constitute a severe impairment. 42 U.S.C. § 432(d)(2)(C); Foster v. Bowen, 853 F.2d 483, 490 (6th Cir. 1988).

A. The ALJ did not fail to meet the requirements of SSR 00-4p

The plaintiff attempts to explain his first argument by writing:

> SSR-2000-4 states that the ALJ must resolve any conflicts between VE testimony and the DOT. The ALJ must explain in the decision how any conflict was resolved. At the hearing the vocational expert testified that jobs identified allow for a sit/stand option at will. (TR 353) The DOT does not take into account if a person can sit or stand at will. The D.O.T. does take into consideration standing, sitting, and walking, but the occupations do not consider if a sit/stand option. (See D.O.T. Appendix C) The ALJ states that the jobs are consistent with D.O.T. listings, (TR 27) but he does not take into account that the D.O.T. does not consider. The Vocational Expert identified jobs with a sit/stand option. (TR. 353) However, the DOT does not take a sit/stand option in assessing the occupations it identifies. SSR 2000-4 does not required the ALJ to follow the DOT, but the ALJ must explain why he is following the testimony of the VE over the D.O.T.

Docket Entry No. 9, at 2.

It appears to the Court that the plaintiff's argument is as follows:

1. The Vocational Expert ("VE") identified jobs that allow for a sit/stand option.

2. The Dictionary of Occupational Titles ("DOT") does not discuss sit/stand options.

5

3. Therefore, there is an inconsistency between the jobs identified by the VE and the DOT, and, as required by SSR 00-4p, the ALJ must explain this inconsistency.

While the plaintiff is correct that the VE identified jobs that allow for a sit/stand option (Tr. 353), and that the DOT does not address sit/stand options, his conclusion does not logically follow. SSR 00-4p contemplates inquiry into and resolution of discrepancies between the information contained in the DOT and information provided by the VE. The fact that the DOT does not address a sit/stand option does not create a conflict between it and the jobs identified by the VE. In fact, SSR 83-12 recognizes that VE testimony is required precisely because the DOT strength ratings do not take into account defined exertional ranges such as the sit/stand option.

B. The plaintiff failed to establish that he had a bladder control problem that required the ALJ to assess its severity

The plaintiff contends that the ALJ failed to consider his bladder control problem. In support of this argument, the plaintiff cites to Tr. 298-309 and Tr. 333.[2] Transcript pages 298-309 contain medical evidence from Dr. Cynthia Susskind dated from September 24, 1994, to November 15, 1995. However, none of these records address any bladder control problem. Instead, only Dr. Susskind's September 21, 1994, letter on page 301 makes any reference to the plaintiff's bladder control, noting that the plaintiff "ha[d] not noticed any changes in his...bladder function." (emphasis added).

---

[2] At the hearing, the plaintiff testified that he has to go to the bathroom "four or five times an hour, on average." (Tr. 333).

6

Neither the medical evidence nor the plaintiff's own testimony establish that an impairment has been shown by "medical evidence consisting of signs, symptoms, and laboratory findings, [and] not only by [the plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508. In fact, no medical evidence provided by the plaintiff shows that he had any bladder control problems after his alleged onset date of June 15, 1998.

### III.  RECOMMENDATION

For the reasons stated above, the Court respectfully recommends that the plaintiff's motion (Docket Entry No. 19) be DENIED, and that the decision of the Commissioner be AFFIRMED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report and Recommendation to which the objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

_____
JULIET GRIFFIN
United States Magistrate Judge